IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 SEP -5 P 1: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| LESTER JON RUSTON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. |
| UNITED STATES OF AMERICA, | § | COMPLAINT |
| James K. Ellis | | **07 CA 40238 NG** |
| Tom Schneider | | |
| E. Danielle Aleman | § | FEDERAL TORT CLAIMS ACT |
| John Dillon III | | |
| David Hardy | § | |
| Robert Mueller | | |
| Mark R. Vukelich | § | MAGISTRATE JUDGE |
| Defendants, | § | |
| | § | |

Preliminary Statement:

This is a civil and constitutional rights complaint, pursuant to the Federal Tort Claims Act, Title 28 U.S.C. § 2671 et seq., as held by the Supreme Court in <u>United States v. Smith</u>, 499 U.S. 160, 161 (1991); 28 U.S.C. § 2679(b)(1). The Defendants in this matter are all employees of the Federal Bureau of Investigation, while Tom Schneider is, or was, employes by the U.S. Marshal's Service, all of which are agencies of the Federal Government of the United States of America. Plaintiff alleges wilful and purposeful torts of abuse of process, deceit, misrepresentation, assault and battery with bodily harm, "torture", legal and medical malpractice negligence, false imprisonment and malicious prosecution.

Jurisdiction:

1.    The Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1346.

2.    The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1402(b), as Plaintiff resides in this District.

3.    The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 2575(b), as the Plaintiff served timely claims for damage, and the Defendants denied said claims with right to sue letters, which are enclosed herein as Exhibits.

4.    The Court has supplemental jurisdiction, pursuant to 5 U.S.C. § 701-706, 28 U.S.C. § 1332 "Diversity" of jurisdiction, and 18 U.S.C. § 1964, R.I.C.O. Racketeering Act.

Parties:

5.     Plaintiff is Lester Jon Ruston, who is a civil detainee, held at the Devens Medical Center for Federal Prisoners on fraudulent documents filed by the Defendants in this matter. Plaintiff is indigent, due to the allegations of fact contained in this complaint, and is not subject to the provisions of the Prison Litigation Reform Act, as just ruled in Ruston v. Vukelich, 07-5355 (D.C. Cir. 2007). The Plaintiff's current status is currently under judicial review in this Honorable Court in the matter Ruston v. Sabol, 4:07-CV-40124 NG. Plaintiff is in imminent danger of serious physical harm, and has a contract out on his life, which is referenced in F.B.I. file 89B-DL-101826, which the Defendants have all conspired to conceal from multiple Courts, to violate the civil and constitutional rights of the Plaintiff by fraud, deceit and misrepresentation. Plaintiff's status has been upheld by the Courts in the matters Perkins v. Hedrick, 340 F.3d 582, 583 (8th Cir. 2003) and Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).

Defendants:

6.     James K. Ellis is, or was, employed as a Special Agent for the Dallas Bureau of the F.B.I. He is sued in his official capacity and can be served with process at P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044 and 1 Courthouse Way Suite 9200, Boston, Mass. 02210.

7.     Tom Schneider is, or was, employed as a Senior Deputy U.S. Marshal out of the Dallas, Texas office. He is sued in his official capacity and can be served with process at P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044 and 1 Courthouse Way Suite 9200, Boston, Mass. 02210.

8.     E. Denielle Aleman is, or was, employed as a Special Agent for the Dallas Bureau of the F.B.I. (Texas). She is sued in her official capacity and can be served with process at P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044 and 1 Courthouse Way, Suite 9200, Boston, Mass. 02210.

9.     John Dillon III is, or was, employed as a Special Agent for the Plano, Texas Bureau of the F.B.I. He is sued in his official capacity and can be served with process at P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044 and 1 Courthouse Way, Suite 9200, Boston, Mass. 02210.

-2-

10.  David Hardy is employed by the Federal Bureau of Investigation
in Washington, D.C. as a Special Agent, and is involved in Freedom of
Information Requests. He is sued in his official capacity and can be
served with process at P.O. Box 888 Benjamin Franklin Station, Washing-
ton, D.C. 20044 and 1 Courthouse Way, Suite 9200, Boston, Mass. 02210.
11.  Robert Mueller is the Director of the F.B.I. in Washington, D.C.
He is sued in his official capacity and can be served with process
at P.O. Box 888 Benjamin Franklin Station, Washington, D.C. 20044 and
1 Courthouse Way, Suite 9200, Boston, Mass. 02210.
12.  Mark R. Vukelich is the Director of the Civil Rights Division of
the F.B.I. in Washington, D.C. He is sued in his official capacity
and can be served with process at P.O. Box 888 Benjamin Franklin
Station, Washington, D.C. 20044 and 1 Courthouse Way, Suite 9200,
Boston, Mass. 02210.
13.  Pursuant to the FTCA all Defendants have committed torts while
employed as federal employees in their scope of employment, as held
in Sloan v. Dep't of Housing and Urban Dev., 236 F.3d 756, 759 (D.C.
Cir. 2001). All Defendants have met and conspired to unlawfully detain
the Plaintiff, and deprive him of rights guranteed by the U.S. Constitu-
tion.

   Facts:

14.  This matter originated as Ruston v. United States, 06-1156 in
the District of Columbia. Said matter was then transferred to the
Western District of Missouri, on 6/15/06, despite the Courts holdings
in the matters Jones v. United States, 407 F.Supp. 873 (N.D. Tex. 1976)
and Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1982), which ruled
that Plaintiff's **must be protected from abuse by the United States,**
and cannot be forced to litigate controversy in inconvenient forums.
The Western District of Missouri, Southern Division, has engaged in
fraud, legal malpractice and medical malpractice with all listed
Defendants. Plaintiff moved to transfer matter to this District, and
Judge Richard E. Dorr dismissed said matter, without prejudice, rather
than transfer, in the interest of justice, as held in Zakiya v. United
States, 267 F.Supp.2d 47, 59 (D.D.C.2003). Transfer is favored over
dismissal, as held in El v. Beden, 360 F.Supp.2d 90, 93 (D.D.C. 2004),
which Richard E. Dorr does not recognize, due to this involvement in
fraud being committed at the Medical Center for Federal Prisoners in
Springfield, Missouri, and in retaliation for Ruston v. Dorr, 06-3171-

CV-S-DW-P West.D.Mo., Southern Division and his failure to adhere to his Federal Canons of Judicial Conduct. Plaintiff reasserts and fully incorporates all allegations of "fact" contained in Ruston v. United States, 06-3286-CV-S-RED-P W.D.Mo., Southern Division, as if fully set forth below.

15. On or about late 1997, Plaintiff was "targeted" by alleged criminals engaged in violations of the R.I.C.O. Racketeering Act, 18 U.S.C. § 1961-1964, most notably an insane man named Keith Sockwell V, employed as Deputy Superintendent of the Plano Independent School District.

16. Following an act of criminal invasion of privacy and conspiracy to commit kidnapping by a caucasian female named Joanna Shropshire, last known address 4804 Haverwood Lane #921, Dallas, Texas 75287, Plaintiff began to file criminal complaints of violations of the R.I.C.O. Act and 18 U.S.C. §§ 241 and 1201 to Defendants E. Danielle Aleman and John Dillon III, who failed to take any action. The Courts have ruled that any inaction of the F.B.I. was subject to judicial review, pursuant to 5 U.S.C. § 701-706 in the matter Center for Auto Safety v. Tiemann, 414 F.Supp. 215 (D.C.Dist. 1976). Plaintiff has been denied such in 06-3286-CV-S-RED-P, due to the "forum" in which the Defendants forced him to litigate the controversy, subject of this complaint.

17. Plaintiff obtained clear evidence of the allegations of ¶ 16 from Lt. Larry Wesson of the Dallas Police Department, with regards to Shropshire and her Co-conspirators, and provided them to E. Danielle Aleman, via certified mail, for investigation. Aleman instead, ignored the evidence and conspired to aid and abet said federal crimes, and engage in conspiracies to commit false imprisonment of Plaintiff with Dallas, Collin and Tarrant County, Texas in multiple "entrapment" prosecutions in various State Courts, in violation of 18 U.S.C. §'s 2, 3, 4, 241, 1201 and 1961-1964, ongoing to this filing.

18. While investigating the actions of Shropshire, Plaintiff was lured to 4804 Haverwood Lane #912, Dallas, Texas 75287, in July of 2002 by persons associated with Clear Channel Communications, whom own radio stations Plaintiff performed on as the comedy character "The Penguin Man". Plaintiff was then harassed and stalked by the renters of this apartment and apartment #922 of this same complex. Upon information and belief, Vince McMahon, Jr., owner of World Wrestling Entertainment, rented #922, following contact with Plaintiff regarding employment, however, he refuses to respond to any inquiries for reasons unknown.

-4-

19.   Following this harassment, Plaintiff was arrested and falsely
and maliciously prosecuted in District Court 292, Dallas County, Texas,
where Dallas County attempted to have Plaintiff murdered in the Dallas
County Jail. All actions by Dallas County were witnessed by Joe Jackson,
an MHMR "liason", employed by Dallas County, whom stated he would
report said actions to the Defendants. Plaintiff reported said actions
and previous acts of fraud by former State District Judge Henry Wade,
Jr. to Defendants, who failed to take any action.

20.   Defendants did then meet and conspire with the State of Texas
to unlawfully commit Plaintiff to the Vernon Texas State Hospital,
where Plaintiff was poisoned, along with multiple other victims, by
either food or medication. Said acts were reported to State investigators,
who came out and interviewed Plaintiff and multiple other victims.
Plaintiff reported said actions to all listed Defendants and made such
"public record" in Ruston v. Continental Motel, 3:02-CV-2349-N, which
was then covered up by all Defendants, aided and abetted by Irma
Carillo Ramirez, a Magistrate Judge in Dallas, Texas.

21.   Upon Plaintiff's release, he was immediately stalked and harassed,
again, all reported to Defendants, without any action. While investiga-
ting the residents of 4804 Haverwood Lane #912 and #922, Dallas, Texas
75287, the resident of #826 did attempt to murder and assaulted your
Plaintiff on multiple occasions at multiple locations. Upon information
and belief, he was "planted" in this apartment to do so, easily confirmed
by his communications records, which the Defendants have all met and
conspired to conceal to this filing.

22.   Plaintiff accused Irma Carillo Ramirez of involvement and told
her the punishment range for this crime (18 U.S.C. § 241, up to and
including death), and Defendants Tom Schneider and James K. Ellis
arrested Plaintiff on false documents, to deprive Plaintiff of all
his rights pursuant to the 1st, 4th, 5th, 6th, 8th and 14th Amendment
to the U.S. Constitution.

23.   Defendants did then conspire with Dallas County to have Plaintiff
repeatedly assaulted in the Dallas County Jail, and did then conspire
to commit fraud in District Court 194, Dallas County, Texas, to oppress
Plaintiff of rights guaranteed under both the Texas and U.S. Constitution.

24.   Defendants did then meet and conspire to take custody of Plaintiff,
and conceal all writings of these incidents from a Doctor named Maureen
Buriss, and "bribe" her with taxpayers funds to state that all these
easily substantiated facts were "delusions", to violate Plaintiff's 5th

-5-

and 6th Amendment rights in U.S. v. Ruston, 3:04-CR-191-G, and falsely
state that kidnapping and attempted murder were "official duties of
a U.S. Magistrate Judge", which is their custom, policy and practice,
upon information and belief and Plaintiff's multiple investigations
of Defendants.

25.  Plaintiff did then file for information in the possession of
Defendants, and Defendant David Hardy met with and conspired with all
listed Defendants to deny said requests, and to aid and abet all the
R.I.C.O. Racketeering allegations. Plaintiff has clear and compelling
proof of such to present to the Court and a jury, which gives the
Court jurisdiction, pursuant to 5 U.S.C. § 552(a). The Defendants have
denied FOIA Request Number 1026866 and the Office of Information and
Privacy have denied appeal number 06-0263, which allows this Court to
review their denials. The W.D.Mo., Southern Division, refused to do
so, which substantiates all claims of abuse from the United States and
inconvenient "forum", as Judge Dorr does not acknowledge the Administra-
tive Procedures Act or Freedom of Information Act, nor any holdings of
the United States Supreme Court, in violation of 28 U.S.C. §'s 144, 351,
453 and 455, which allows this Court to review, pursuant to Canon 3(B)(3)
of the Federal Canons of Judicial Conduct.

26.  Defendants did then meet and conspire to conceal all evidence of
said harassment from a Doctor James Kenneth Wolfson in Springfield,
Missouri, and instructed him to state all easily substantiated facts
were "delusions" to aid and abet said crimes, and to deprive the
Plaintiff of rights guaranteed by the U.S. Constitution. Plaintiff
did then report all actions to Robert Mueller, repeatedly, who did
then conspire with all listed Defendants to aid and abet all actions
as alleged herein, which allows this Court to review "inaction" via
5 U.S.C. § 701-706.

27.  Defendant Mark R. Vukelich did then contact Plaintiff, via the
U.S. Mail, and stated Defendants would take "no action" (see Exhibit
attached with complaint). Vukelich did then conspire with James K.
Ellis to tamper with Dr. James Kenneth Wolfson to deprive Plaintiff
of rights guaranteed under the U.S. Constitution, utilizing taxpayers
funds earkmarked to "justice" for criminal enterprises, in violation
of 18 U.S.C. § 1961-1964, which has affected Plaintiff's small business,
Penguin Enterprises Unlimited, which allows judicial review, pursuant
to 18 U.S.C. § 1964.

28.   All listed Defendants have conspired with **former** District Attorney
Bill Hill of Dallas County, Texas, to violate 18 U.S.C. § 241, on
public record in District Court 194, Dallas County, Texas, to oppress
Plaintiff of rights which are guaranteed by the 4th, 5th, 6th, 8th
and 14th Amendment to the U.S. Constitution. When confronted with
clear and compelling evidence, all Defendants have conspired to commit
fraud, deceit, misrepresentation and abuse of process, which is now
"public record" in Ruston v. United States, 05-3243-CV-S-RED-P and
Ruston v. Gunja, 07-3002-CV-S-FJG W.D.Mo. by concealing and suppressing
Dallas and Carrollton Texas Police records, leasing records, and
easily obtained telephone, radio and cellular phone records. Said
actions were wilful and purposeful, to oppress Plaintiff of his 4th
Amendment liberty rights, which is effecting interstate commerce, and
is causing the fraudulent misappropriation of taxpayers funds. All
listed Defendants have committed mail fraud and wire fraud to "extort"
monies out of Plaintiff by acts of crime. Further, all listed
Defendants have met and conspired to "conceal" the N.C.I.C. records
and writings of Jeffrey Don Elmore, a listed "witness" on arrest
affidavit of Defendant James K. Ellis, Joanna Shropshire, a stalker
as alluded to supra, and Tommy Joyner, a car thief who engaged in
a malicious act of prosecution all Defendants have conspired to cover
up to this filing with deceit, misrepresentation and false imprison-
ment.
29.   All listed Defendants are continuing to engage in obstruction of
justice on Plaintiff's collateral filings to Dallas, Collin and
Tarrant County, Texas Courts, to oppress Plaintiff of his 4th Amendment
right to liberty by deceit, misrepresentation and abuse of process,
using the mental health code as a tool of fraud to oppress Plaintiff
of all 6th Amendment rights to "confrontation" of all Defendants in
Courts around the United States, in furtherance of R.I.C.O. Racketeer-
ing. All listed Defendants have conspired to "tamper" with witnesses
to offer false testimony and concealed evidence from Courts to execute
documents by deception, in violation of State and Federal felony laws,
with malice of forethought.
30.   The U.S. Marshal's Service has failed to take any action on the
acts of fraud committed by employee Tom Schneider, which includes
aiding and abetting stalking and attempted murder of Plaintiff, which
Schneider falsely termed "official duties of a U.S. Magistrate Judge

-7-

which was wilful fraud, deceit and misrepresentation, to deny the
Plaintiff all rights pursuant to the 4th, 5th, 6th, 8th and 14th
Amendments to the U.S. Constitution, ongoing at this filing.
31.   Plaintiff will show this Honorable Court that all notices to
Defendant Robert Mueller, and requests for F.B.I. "action" were met
with fraud, deceit, misrepresentation and "retaliation", including
death threats and torture and violation of 28 CFR 541.22, repeatedly,
to obstruct Plaintiff's access to Courts to seek justice.
32.   Plaintiff will show this Honorable Court that he repeatedly
noticed Tom Schneider's superiors of his acts of fraud, and that his
superiors covered up these actions with further acts of fraud, deceit,
misrepresentation and abuse of process, and are conspiring, to this
filing, to conceal all Court transcripts from appeal number 07-10433
U.S. v. Ruston, 5th Circuit, to cover up their acts. Plaintiff has
served a form 95 on all listed Defendants, and both the F.B.I.
Director Robert Mueller and U.S. Marshal's Service attorneys in
Washington, D.C., instructed their staff to engage in further acts
of fraud, to obstruct justice. Plaintiff encloses his right to sue
letters as Exhibits attached, to show that he has exhausted administra-
tive remedies, pursuant to 28 U.S.C. § 2675.
33.   All Defendants have conspired to destroy Plaintiff's small
business, Penguin Enterprises Unlimited, State of Texas Sales Tax ID
Number 2-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, in violation of the R.I.C.O. Racketeering Act,
18 U.S.C. § 1961-1964 by theft, deceit, misrepresentation and abuse
of process, as held by the Supreme Court in Beck v. Prupis, 529 U.S.
494 (2000), and continue to conceal all F.B.I. records and writings
on Plaintiff, despite Court orders and 5 U.S.C. § 552 and 552(a).
      Summary:
34.   All Defendants have engaged in actions which violate 18 U.S.C. §
1961-1964, R.I.C.O. Racketeering with multiple corrupt attorneys in
North Texas, Springfield, Missouri, Washington, D.C. and Los Angeles,
California. They have concealed evidence and suppressed evidence to
tamper with witnesses, then paid said witnesses with taxpayers funds
as a reward for aiding and abetting crimes to oppress Plaintiff of
rights guaranteed by the U.S. Constitution. Their actions are on
"public record", they have all been served with notice, pursuant to
28 U.S.C. § 1346 and form 95, and responded with further acts of fraud,
deceit, misrepresentation and abuse of process, ongoing to this filing.

-8-

Their actions can easily be shown to a jury, and Plaintiff does hereby request a jury trial in this matter. Plaintiff can easily show this Honorable Court and a jury that this has been a carefully orchestrated conspiracy, which is the "custom, policy and practice" of all listed Defendants, and that they have discriminated against the Plaintiff based on his ethnic origin, religion of Christianity and his socioeconomic status of indigent, which has been caused by their continued fraud, deceit and misrepresentation. They have stolen property and vehicles, without due process of law, to inflict injury on Plaintiff and destroy his small business in retaliation for his status as a high profile witness and litigant against the Plano Independent School District, the most corrupt and insane School District in the United States, who have caused one of the highest suicide rates in the United States, making National Headlines while doing so, all due to an insane and crazed person named Keith Sockwell V. All listed Defendants have conspired to protect Sockwell, and aid and abet his crimes and alleged insanity with fraud, kidnapping, perjury, subornation of perjury, felony theft, auto theft, stalking, attempted murder, torture, witness tampering, embezzlement of taxpayers funds, misappropriation of taxpayers funds and money laundering.

Denial of Due Process:

35. Plaintiff's rights to due process are guaranteed by the 5th Amendment to the U.S. Constitution. The actions of Defendants as alleged herein, which were wilful and purposeful, have violated these rights that a reasonable person should have known, in particular Federal Agents entrusted by the taxpaying public with **enforcement of federal laws, not violations of them.**

Claim for Damages:

Wherefore, premises considered, Plaintiff does respectfully request the Court grant the following relief:

A. Allow Plaintiff to proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915.

B. Award compensatory damages to include all costs associated with this litigation, including all attorneys fees, if any are incurred.

C. Award punitive/actual damages, as claimed in form(s) 95 of the sum of $ 21,000,000.00 (Twenty One Million Dollars), as only the strongest message from this Honorable Court will curtail the Defendants and all successors in office from engaging in this type of behavior in the future.

-9-

D.   Set this matter for jury trial on all issues triable by a jury
for all reasons as asserted herein and to take judicial notice of
the Supreme Court's holdings in Wilson v. Layne, 526 U.S. 603, 609
(1999), Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998) and
Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), with regards to
any frivilous claims to "immunity", pursuant to Rule 201 of the
Federal Rules of Evidence.

E.   To issue service upon Defendants, pursuant to Rule 4(c)(2) of
the Federal Rules of Civil Procedure via the U.S. Marshal's Service
due to Plaintiff's indigency.

E.   Grant such further relief as this Honorable Court shall deem
fair and equitable.

Dated:  8/31/07                    Respectfully Submitted,

                                   Lester Jon Ruston #26834-177
                                   P.O. Box 879
                                   Ayer, Mass. 01432
                                   Plaintiff-Pro-Se

### CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the foregoing
instrument, with one carbon copy to file stamp and return with cause
number were provided to the clerk of the court on this 31st day of
August, 2007, by placing such in the inmate mail box with first
class postage affixed, pursuant to the Fed.R.Civ.P. Plaintiff is
indigent, and does respectfully request assistance with service on
Defendants, pursuant to Rule 4(c)(2) Fed.R.Civ.P.

                                   Lester Jon Ruston

### AFFIDAVIT OF LESTER JON RUSTON

     My name is Lester Jon Ruston. Affiant is over the age of 18 and
was **ruled competent** to make the following declaration, under oath,
which occurred in federal court in Dallas, Texas on March 7, 2007.
All allegations of "fact" contained in this Federal Tort Claim are
true and correct, to the best of my knowledge and documents I have
personally observed, sworn to under penalty of law with affiant's
signature affixed below, pursuant to 28 U.S.C. § 1746 and 18 U.S.C.
§ 1621.

                8/31/07                              Lester Jon Ruston

                                   -10-



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

March 29, 2006

Mr. Lester Ruston, #26834-177
Post Office Box 4000
Springfield, MO   65801

Dear Mr. Ruston:

This letter is in response to your correspondence
addressed to the FBI.

The matters that you have brought to our attention
should be pursued with the assistance of an attorney. The FBI
will take no action at this time.

Sincerely yours,

*Mark R. Vukelich*

Mark R. Vukelich
Chief, Civil Rights Unit
Criminal Investigative Division

September 23, 2005

Federal Bureau of Investigation
Attn: Robert Mueller-Director
9th Street and Pennsylvania Ave. N.W.
Washington, D.C. 20535

Dear Sir:

Under the Federal Tort Claims Act, Title 28 U.S.C. § 1346 and Title 28 U.S.C. 2671, this letter serves as notice (form 95) of my claim for damages.

From about March of 1999 and continuing to the present, your agency has engaged in a conspiracy to violate my civil and constitutional rights, and conspired to aid and abett organized acts of crime perpetrated against me.

John Dillon III and James K. Ellis, two Special Agent's have engaged in a conspiracy with the Carrollton and Plano, Texas Police Department's to stalk, harass and falsely arrest and cause the malicious prosecution of the claimant, Lester Jon Ruston, repeatedly, in criminal violation of Title 18 U.S.C. § 241.

Specifically, your agency conspired with J. Timothy Brightman, a McKinney, Texas Attorney and the Plano Independent School District to engage in a conspiracy to violate the Texas Health and Safety Code in February of 1999, duly reported by claimant and State of Texas M.H.M.R. Attorney Tom McClure of Austin, Texas to your agency.

John Dillon III of the Plano Bureau of the F.B.I. has repeatedly ignored this violation of Title 18 U.S.C. § 241, causing the false imprisonment of the claimant, and repeated acts of abuse of process, deceit, misrepresentation, slander and libel. Further, the gross negligence of your Bureau caused multiple attempts to murder the claimant, all aided and abetted by Special Agent James K. Ellis of your Dallas Bureau.

Said acts culminated with a conspiracy to obstruct justice and aiding and abetting a conspiracy to commit attempted murder by Gary Fernandez, a Detective of the Carrollton Police Department, who hired an unknown African-American male, ex-Marine, last known address 4804 Haverwood Lane #826, Dallas, Texas 75287, to stalk and attempt to murder the claimant.

Further, Special Agent James K. Ellis has engaged in a conspiracy to obstruct justice in this crime, the theft of claimant's vehicle from the 380 Flea Market in Denton, Texas in early May of 2004, and the theft of all of the claimants identification and property by the U.S. Marshall's service.

This act violates Title 18 U.S.C. § 1511, and is a matter of record in U.S. v. Ruston, a fraudulent attempted malicious prosecution, instigated by James K. Ellis, to aid and abett the Carrollton, Texas Police Department and others known and unknown to the claimant, to attempt to murder the claimant, commit multiple criminal acts of interstate stalking against the claimant, criminal invasion of privacy at at least two seperate motel rooms and multiple acts of false imprisonment.

Further, your agency engaged in a criminal conspiracy with Bill Hill, criminal District Attorney of Dallas County and Judge Henry Wade, Jr. of the 292nd Judicial District Court to engage in conspiracies to violate the civil and constitutional rights of the claimant and to have claimant assulted, repeatedly, in the Dallas County Jail. Further, you engaged in a conspiracy to wire-tap cell #5W2 of the Dallas County Jail, to eavesdrop on the claimant, and withheld the assaults from Magistrate Judge Jeff Kaplan and District Judge A. Joe Fish of Dallas, to obstruct justice in these violations of claimants eighth amendment protection against cruel and unusual punish-

Further, Special Agent Danielle Aleman of the Dallas Bureau aided and abetted criminal acts of "stalking" of the claimant by Joanna Shropshire, last known address 4804 Haverwood Lane #921, Dallas, Texas, 75287, "planted" in this apartment to violate claimants Fourth Amendment Right to privacy by Keith Sockwell V, formerly of the Plano Independent School District.

Danielle Aleman suppressed the false police reports filed by Shropshire, and aided and abetted this crime, in criminal violation of Title 18 U.S.C. § 1511, as stalking and filing false police reports are both violations of the Texas Penal Code, and Aleman has full knowledge and evidence provided to her by certified mail, as evidenced by the Dallas Police Department.

Further, you aided and abetted Tim Curry, District Attorney of Tarrant County, Texas in a false arrest and malicious prosecution, following a false arrest by the Grand Prairie Police Department, duly reported to the Dallas Bureau, on the record. Claimant appealled this "railroad", and Curry and his staff "trashed" appeal in criminal violation of Title 18 U.S.C. § 241, aided and abetted by your Dallas Bureau.

You have suppressed all the telephone records of the "pimp" who committed the crimes of aggravated assault with deadly weapons and attempted murder against the claimant in May of 2004, you have suppressed all evidence of the arrest and investigation of this ex-Marine from the matter U.S. v. Ruston, 3:04-Cr-191-G, and you have defied a Federal Court Order to provide the claimant all "Brady" material in this attempted "railroad", including file #89B-DL-101826 and the handwritten notes of Special Agent James K. Ellis taken following the claimants arrest on a fraudulent warrant by Gary Fernandez, the main suspect in stalking and a conspiracy to commit attempted murder of the claimant.

Further, you have failed to investigate Fernandez for his violations of Federal Law, and have suppressed all applications for surveillance of the claimant, including GPS tracking devices used on claimants vehicles for the purposes of stalking and attempted murder.

All of your acts are a matter of records which your Bureau are conspiring to suppress, despite Title 5 U.S.C. § 552 & 552(a).

Further, your agency has engaged in a conspiracy with Keith Sockwell V, and Tom O' Connell, former District Attorney of Collin County to engage in a "Double Jeopardy" prosecution of the claimant in County Court 4, Collin County, in 1999, and aided and abetted the tampering of government records on claimants appeal to the 5th Appeals Court in Dallas County, Texas on claimants appeal of conviction in a Criminal Trespass Charge, filed by Plano I.S.D. and Keith Sockwell V, suspect in stalking and a conspiracy to commit attempted murder. Special Agents James K. Ellis and Danielle Aleman have willfully aided and abetted these State of Texas and Federal crimes (Title 18 U.S.C. § 241), and suppressed them from the reports entered into evidence in U.S. v. Ruston, 3:04-CR-191-G.

Further, your agency has engaged in a conspiracy to aid and abett interstate stalking allegations against the Fox, ABC and NBC Television Networks, whom placed a camera and recording equipment in room #154 of the Anchor Motel in Dallas, Texas, and video and audio taped the claimant, without authorization, in criminal violation of Title 18 U.S.C. § 241. Said crime was duly reported to your Dallas Bureau, and James K. Ellis questioned claimant about said crime, which occurred in late June of 2002, then suppressed this alleged crime from the report entered into evidence in U.S. v. Ruston, 3:04-CR-191-G, which was provided to your office by the claimant.

Further, claimant has probable cause to believe that your agency also placed a camera and recording equipment in room #102 of the Royal Inn, in Carrollton, Texas in May of 2004, as stated by an unknown Texas Ranger, who threatened to murder the claimant in the Dallas County Jail and filed a false charge against the claimant, resulting in State v. Ruston, F04-21379, in District Court 194, Dallas County, Texas. Said charge was to obstruct justice in organized criminal acts investigated by the claimant, and covered up by the Texas Rangers, including all crimes alleged against the Plano I.S.D. for stalking, misappropriation of taxpayers funds and filing fraudulent instruments with a District Clerk's office, the shooting of Phillipe Andrade in Ennis, Texas, the shooting of El Salvador National Miguel Guzman by the Dallas Swat Team, the felony theft of all of claimants property by Allison E. Smith, Ian Ruston and Detective Gary Fernandez in September of 1998, all false police reports filed by Allison E. Smith, narcotics sales by Allison E. Smith aided and abetted by Gary Fernandez and Rick Rolland, all suspects in a conspiracy to commit attempted murder of the claimant. All of these "facts" are in the handwritten notes of Special Agent James K. Ellis, and have been suppressed from the record, constituting seperate criminal violations of Title 18 §§ 1 & 2 U.S.C.

All of the actions of your Bureau have resulted in the near death of the claimant, the loss of property of the claimant, without due process, particularly in September of 2002, when your Bureau aided and abetted the Richardson Police Department and Dallas County in a malicious prosecution of claimant in District Court 292, to steal claimants car, business records, property and to aid and abett organized crime at the Continental Motel in Richardson, aided and abetted by the Richardson Police Department.

Further, your Bureau aided and abetted the poisoning of claimant at the Vernon State Hospital, on the record, as a result of this false arrest and malicious prosecution, currently under review in Writ W02-43174-V(A), in Dallas County.

Said actions mentioned have been wanton abuse of process, deceit, misrepresentation, slander, libel and false imprisonment and malicious prosecution of the claimant. Said acts have lead to the near death of claimant and the suicide attempt of claimants son. Further, Craig Fugate and Brent Austin are deceased as a result of the failure of John Dillon III to investigate claimants complaints of the Plano I.S.D.

This claim for damages is made pursuant to Title 28 § 1346 & 2671 et seq. and claimant requests $20,000,000.00 in actual and punitive damages. Failure to respond to this claim within six months will result in the filing of a complaint in District Court, pursuant to Title 28 § 1346 & 2671 et seq. seeking damages and injunctive relief from any further acts of obstruction, fraud and aiding and abetting organized crime.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

cc file/associated press

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

**JUN 2 8 2007**

**CERTIFIED MAIL #**   7006 0100 0006 7633 2148

Lester J. Ruston, Reg. No. 26834-177
FMC Devens
Federal Medical Center
P.O. Box 879
Ayer, MA 01432

### Re: Administrative Tort Claim

Dear Mr. Ruston:

This responds to the administrative tort claim you filed with the United States Marshals Service (USMS) in the amount of $1,000,000.00. The claim arises from injuries you allegedly received between May and October of 2004, including alleged attempted murder, conspiracy, and the theft of your personal property.

The applicable provisions of the Federal Tort Claims Act [28 U.S.C. §§ 1346(b), 2401(b), 2671, et seq.] provide for the payment of claims which arise from the negligent or wrongful acts or omissions of an employee of the Federal Government while acting within the scope of his or her employment.

Our investigation of the circumstances surrounding your claim has disclosed no evidence of negligence or wrongful acts on the part of any USMS employee. Specifically, you have not provided any evidence to substantiate your allegations concerning attempts or conspiracy to harm you. As for your claim of theft of your property, please be advised that all property in USMS custody was sent to the address you provided, to wit: Brett Ruston, 3130 Towerwood, Farmers Branch, TX 75243, via Federal Express on October 18, 2004 (Federal Express tracking numbers 8220-1048-3050 and 8220-1048-3038).

For the aforementioned reasons, your administrative tort claim in the amount of $1,000,000.00 is denied. If you are dissatisfied with our determination, you may file suit in the appropriate U.S. District Court not later then six months after the date of the mailing of this notice of final denial of your claim.

Sincerely,

Gerald M. Auerbach
General Counsel